FILED
17 MAY 18 AM 11:50
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ AP
          DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

VILLA MONTECHINO, L.P., A TEXAS
LIMITED PARTNERSHIP,
　　　　　Plaintiff,

CAUSE NO.: A-17-CA-00287-SS

-vs-

THE CITY OF LAGO VISTA.
　　　　　Defendant.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff Villa Montechino, L.P. (Plaintiff)'s Motion to Remand [#7], Defendant City of Lago Vista (City)'s Response [#11] in opposition, and Plaintiff's Reply [#12] in support. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

### Background

In this case, Plaintiff alleges the City engaged in a wrongful "taking" of Plaintiff's property without just compensation. According to the First Amended Original Petition (Amended Petition), Plaintiff owns a subdivision in Lago Vista, Texas, and had an agreement with the City to develop the subdivision. Mot. Remand [#1-1] Ex. A (Am. Pet.) ¶¶ 10–11. Plaintiff alleges the City required it to improve certain aspects of the subdivision, including the construction of lift stations, a water tower, a stop light, a detention pond, and other road and utility improvements. *Id.* Plaintiff claims "[t]he City refused to let the development move forward if [Plaintiff] did not agree [to the improvements] and [the City] continued to shut down the subdivision, denied further approvals, refused to release lines of credit and continued to red

tag the subdivision until [Plaintiff] gave in and agreed" to make the improvements. *Id.* ¶¶ 13–17. Plaintiff argues these actions constitute a regulatory taking. *Id.* Plaintiff also claims the City has physically taken and damaged certain utility improvements by "extending and hooking other lines up to these utilities to divert water to serve other members of the public and the Lago Vista Independent School District" without compensating Plaintiff. *Id.* ¶ 14.

On June 9, 2016, Plaintiff filed its Original Petition in the 200th Judicial District Court, Travis County, Texas. Not. Removal [#1-1] Ex. A (Original Pet.). In the Original Petition, Plaintiff brings four causes of action: a claim for declaratory relief under the Texas Declaratory Judgment Act, including a request that the court declare that the City's use of utility improvements constitutes an unconstitutional taking under the Texas Constitution; a claim for inverse condemnation based on the City's alleged unconstitutional taking under the Texas Constitution; a claim for trespass; and a claim to quiet title. *Id.* ¶¶ 12–24.

On March 15, 2017, Plaintiff filed its Amended Petition bringing claims for declaratory relief, inverse condemnation, and negligence and gross negligence. Am. Pet. ¶¶ 18–37. In its amended declaratory action, Plaintiff seeks "a declaration of its rights, status and legal relations with respect to the scope and constitutionality of Ordinance 09-05-21-02 [. . . and] Ordinance No. O-29-14" (Ordinances), and requests the court declare both Ordinances "unconstitutional as applied in this case." *Id.* ¶¶ 19–20. Further, in the amended inverse condemnation claim, Plaintiff states the City's "taking, using, altering and connecting to the subject privately built utility improvements and related income and profits is an unconstitutional taking under the Texas Constitution, Article I, Section 17, and alternatively under U.S. Constitution, Amendment V should a recovery not be had under the Texas Constitution." *Id.* ¶ 23; *see also id.* ¶ 27 ("All the above acts of the [C]ity referred to herein constitute a use, taking damaging, or destroying of

Plaintiff['s] property interest for public use without adequate compensation having been paid, in violation of Section 17 of Article I of the Constitution of the State of Texas and alternatively, in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution.").

On April 4, 2017, the City timely removed the case to this Court, claiming Plaintiff's takings claim under the Fifth Amendment and request that the Court declare the Ordinances unconstitutional established federal question jurisdiction. Not. Removal [#1] ¶ 3. Now Plaintiff moves to remand the case, arguing this Court does not have subject matter jurisdiction because Plaintiff's claims are not ripe. Mot. Remand [#7].

## Analysis

### I. Legal Standard

#### A. Removal

A defendant may remove a civil action from state court to federal court if the action originally could have been brought in federal court. *See* 28 U.S.C. § 1441(a). Federal courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* § 1331. "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

#### B. Ripeness

To exercise jurisdiction under Article III of the U.S. Constitution, a case must be ripe. *United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000). The ripeness doctrine is "drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction . . . ." *Reno v. Catholic Soc. Servs., Inc.*, 509 U.S. 43, 57 n.18 (1993). The Supreme Court has outlined a two-prong ripeness test for claims involving

government takings of property. *Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 194 (1985); *Roman Catholic Bishop of Springfield v. City of Springfield*, 724 F.3d 78, 92 (1st Cir. 2013) (stating "[a] special category of ripeness doctrine" applies to Takings Clause claims) (quoting 13B Wright & Miller, Federal Practice & Procedure § 3532.1.1). Under *Williamson County*, a federal takings claim is not ripe until: (1) the regulating agency "has reached a final decision regarding the application of the regulations to the property at issue," and (2) the plaintiff has sought compensation for the taking through the procedures provided by the state. 473 U.S. at 186, 194. The second prong constitutes the so-called state litigation rule, which prohibits a plaintiff from "simultaneously bring[ing] a claim for compensation under state law and a claim under the Takings Clause in federal court; rather the plaintiff must first pursue his state-law claim for compensation." *Sansotta v. Town of Nags Head*, 724 F.3d 533, 544 (4th Cir. 2013).

## II. Application

The City argues this Court has federal question jurisdiction over this case because some of Plaintiff's claims arise under the U.S. Constitution. Not. Removal [#1] ¶¶ 3–4. First, the City contends Plaintiff's federal takings claim invokes a federal question because it alleges the City violated the Takings Clause of the Fifth Amendment. *See* Resp. [#11] ¶¶ 19–21. Second, the City asserts Plaintiff's request that the Court declare the Ordinances unconstitutional as applied in this case "clearly implicate[s] both the Equal Protection Clause and the Due Process Clause of the U.S. Constitution." *Id.* ¶ 32. Finally, the City argues the Court has supplemental jurisdiction over Plaintiff's negligence and gross negligence claims. *Id.* ¶ 36.

A.  **Federal Takings Clause Claim**

Plaintiff argues the Court does not have federal question jurisdiction over its takings claim because the claim is not ripe.[1] Mot. Remand [#7] ¶ 10. As noted above, *Williamson County* requires a plaintiff bringing a takings claim to first seek compensation for the taking through the procedures provided by the state. 473 U.S. at 194. It is undisputed Plaintiff has not met this requirement: Plaintiff's attempt to seek compensation for the alleged taking through an inverse condemnation claim in Texas state court was cut short when the City removed the case to this Court. Thus, Plaintiff argues the takings claim is not ripe and remand is necessary. *See* Mot. Remand [#7] ¶ 13 ("Until the state inverse commendation claim is resolved, a claim for a Fifth Amendment violation is not ripe . . . .").[2]

The City, on the other hand, agrees Plaintiff has not satisfied the second prong of *Williamson County*, but argues the requirement should be waived because it is based on prudential ripeness, not Article III ripeness. Resp. [#11] ¶¶ 20–21.

Ripeness reflects both constitutional considerations involving Article III's limitations on judicial power and prudential reasons for refusing to exercise jurisdiction. *Reno*, 509 U.S. at 57, n.18. In *Rosedale*, the Fifth Circuit determined *Williamson County*'s ripeness requirements are

---

[1] Plaintiff also argues federal question jurisdiction does not exist because Plaintiff's takings claim is "contingent" and plead in the alternative should "a recovery not be had under the Texas Constitution.'" Mot. Remand [#7] ¶¶ 1, 13. "[C]ontingent claims pleaded in the alternative, however, are ripe . . . [,] satisfy the well-pleaded complaint rule and allow the Court to exercise subject matter jurisdiction over [plaintiff's] claims." *RCI Entm't (San Antonio) v. City of San Antonio*, No. CIV.A. SA06CA48FB, 2006 WL 1149173, at *3 (W.D. Tex. Apr. 14, 2006) (internal quotations and citation omitted). Therefore, whether the takings claim is plead in the alternative has no bearing on ripeness.

[2] At times, Plaintiff attempts to frame its argument in terms of "general ripeness principles" and not the *Williamson County* requirements. Reply [#12] ¶ 1 (arguing the Court's lack of jurisdiction rests on general ripeness principles, not on *Williamson County*). Plaintiff cites *Rosedale Missionary Baptist Church v. New Orleans City*, 641 F.3d 86 (5th Cir. 2011), to support its assertion that the takings claim is not ripe because the claim requires "additional factual development." *Id.* ¶ 2. While the court in *Rosedale* did rely on this general ripeness principle, the court was analyzing a procedural due process claim, not a takings claim. 641 F.3d at 89. In fact, the court explicitly stated "[t]he matter would be different if the [defendant] had waived or forfeited its right to have the [plaintiff's] takings claim litigated in state proceedings pursuant to *Williamson County*, but here the district court dismissed the takings claims as unripe pre-trial . . . . The takings claim is therefore not before us." *Id.* at 91 n.9. Because Plaintiff's takings claim is before the Court here, Plaintiff's argument based on *Rosedale* is inapplicable.

"merely prudential, not jurisdictional" and therefore may be considered "waived or forfeited." 641 F.3d at 88–89; *see also Stop the Beach Renourishment, Inc. v. Fla. Dep't of Envtl. Prot.*, 560 U.S. 702 (2010). To determine whether *Williamson County*'s prudential ripeness requirements should be enforced, the Court is guided by principles of prudential ripeness. Application of prudential ripeness turns on the "fitness of the issues of judicial decision and the hardship to the parties of withholding court consideration." *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977); *see also Rosedale*, 641 F.3d at 91.

1. **Fitness of the Issues for Judicial Decision**

The Court concludes Plaintiff's takings claim is not fit for resolution by this Court. The City cites to only one case, *Stop the Beach Renourishment, Inc.*, where the court waived the *Williamson County* requirements. Resp. [#11] ¶ 20. In that case, the Supreme Court determined that the plaintiff's failure to exhaust state remedies was waived because neither party addressed the issue in their briefings. 560 U.S. at 729. Obviously, that is not the situation here. Other cases where the ripeness requirements have been waived are also distinguishable. The Ninth Circuit waived the ripeness requirements where the plaintiff had already substantially litigated the takings issue in state court. *See Guggenheim v. City of Goleta*, 638 F.3d 1111, 1118 (9th Cir. 2010). In contrast, the Western District of Texas did not waive the *Williamson County* requirements where the plaintiff filed a takings claim in state court, and the defendant timely removed before the plaintiff had any chance to litigate the issue in state court. *See Woodlake Partners, Inc. v. Guadalupe Cty.*, No. 5:11-cv-00647, 2011 WL 5827260, at *1 (W.D. Tex. Nov. 17, 2011).[3] Due to the City's removal of the case, Plaintiff has had no opportunity to litigate its

---

[3] Within the Fifth Circuit, courts generally waive the *Williamson County* requirements in a different situation:

inverse condemnation or takings claim in state court. The Court finds this weighs heavily in applying *Williamson County*'s ripeness requirements.

2. **Hardship to the Parties**

"A court should reject a claim as not ripe unless 'postponing review . . . impose[s] a hardship on the complaining party that is immediate, direct, and significant." *Dial v. P'ship for Response and Recovery*, No. 1:09-CV-218, 2010 WL 1054884, at *3 (E.D. Tex. Feb. 23, 2010) (internal citation omitted). The Court does not find that remand will impose a significant hardship on the City. The 200th Judicial District Court in Travis County is "fully competent to adjudicate constitutional challenges to local land-use decisions. Indeed, state courts undoubtedly have more experience than federal courts do in resolving the complex factual, technical, and legal questions related to zoning and land-use regulations." *San Remo Hotel, L.P. v. City and Cty. of S.F.*, 545 U.S. 323, 347 (2005). Moreover, the City does not discuss any specific hardship it will endure if the case is remanded.

The Court ultimately finds waiver of the ripeness requirement is not appropriate. Because Plaintiff has not met the second *Williamson County* requirement, Plaintiff's takings claim is not ripe based on the prudential reasons above. Therefore, the takings claim is remanded to the state court. *See Woodlake Partners, Inc.*, 2011 WL 5827260, at *2 (remanding federal takings claims because *Williamson County*'s second ripeness requirement was not met).

---

When a plaintiff files a suit in state court to exhaust his remedies as *Williamson County* instructs, state-government entities and officials may remove that suit to federal court under 28 U.S.C. § 1441. Once in federal court, some state defendants have moved to dismiss on the ground that "the plaintiff did not litigate first in the state court."

*Arrigoni Enters., LLC v. Town of Durham, Conn.*, 136 S. Ct. 1409, 1411 (2016) (internal citation omitted). Because "this gamesmanship leaves [the plaintiff] with *no* court in which to pursue their claims despite *Williamson County*'s assurance that property owners are guaranteed access to court at some point," *see id.*, courts within this Circuit waive *Williamson County*'s requirements and deny a defendant's attempt to dismiss a plaintiff's takings claim on ripeness grounds. *See, e.g., Robinson v. City of Baton Rouge*, No. 13-375-KWD-RLB, 2016 WL 6211276 (M.D. La. Oct. 28, 2016). This, of course, is not the scenario before the Court today.

B.  **Declaratory Relief Regarding the Ordinances**

The City asserts Plaintiff's request that the Court declare the Ordinances unconstitutional as applied in this case "clearly implicate[s] both the Equal Protection Clause and the Due Process Clause of the U.S. Constitution," not the Takings Clause, and provides the basis for this Court's federal question jurisdiction. Resp. [#11] ¶ 32. In its Amended Petition, Plaintiff states:

> (d) To the extent such Ordinance No. 09-05-21-02 and other statutes require [Plaintiff] to build utility and other improvements that lack an essential nexus and are not roughly proportionate to the effects of the [Plaintiff's] Subdivision, and do not provide for rebates to [Plaintiff] for its investment, the Ordinance is unconstitutional as applied in this case;
>
> (e) To the extent such Ordinance No. 0-29-14 and/or Chapter 13, Article 13.200, Water and Wastewater Impact Fees (incorporating Ordinance 09-06-04-01) require [Plaintiff] to pay impact fees that [ ] lack an essential nexus and are not roughly proportionate to the effects of the [Plaintiff's] Subdivision [ ] or that do not meet the rationally proportionate test when considering the capital improvements made by [Plaintiff] and do not provide for rebates to [Plaintiff] for its investment, they are unconstitutional as applied in this case.

Am. Pet. ¶ 19.

Because the Court declared Plaintiff's takings claim to be unripe, it must now determine whether Plaintiff asserts substantive due process and equal protection claims, and whether those claims are subsumed into the takings claim and therefore also unripe. *See John Corp. v. City of Houston*, 214 F.3d 573, 576 (5th Cir. 2000). This determination depends on the extent to which Plaintiff's substantive due process and equal protection claims "rest on protections that are also afforded by the Takings Clause." *Bienville Quarters, LLC v. E. Feliciana Par. Police Jury*, No. CIV.A.07-158-JJB-DLD, 2010 WL 2653317, at *3 (M.D. La. June 25, 2010). "If the substantive due process and equal protection claims rest solely on rights afforded to them by the Takings Clause and are brought in conjunction with an unripe takings claim, then such claims are consequently unripe . . . [but if] such claims assert rights not afforded to them by the Takings

Clause . . . then they are unaffected by the determination that a joined takings claim is unripe." *Id.*

However, much of this analysis is unnecessary because the Court disagrees with the City that Plaintiff's Amended Petition asserts substantive due process or equal protection claims in the first place. The language from Plaintiff's claims directly references the unconstitutional conditions doctrine, which is grounded in the Takings Clause. Under that doctrine, "the government may choose whether and how a permit applicant is required to mitigate the impacts of a proposed development, but it may not leverage its legitimate interest in mitigation to pursue governmental ends that lack an *essential nexus* and *rough proportionality* to those impacts." *Koontz v. St. Johns River Water Mgmt. Dist.*, 133 S. Ct. 2586, 2595 (2013) (emphasis added). "Extortionate demands for property in the land-use permitting context run afoul of the Takings Clause not because they take property but because they impermissibly burden the right not to have property taken without just compensation." *Id.* at 2596.

Plaintiff's request for declaratory relief tracks this language expressly, asking the Court to declare the Ordinances unconstitutional for "lack[ing] an essential nexus" and for not being "roughly proportionate." Am. Pet. ¶ 19. Besides, the Amended Petition does not include other language that would imply the claims are brought under the Due Process or Equal Protection Clauses. *See, e.g., R Bend Estates II, LLC v. St. John the Baptist Parish*, No. 15-4951, 2016 WL 4087490, at *5 (E.D. La. Aug. 2, 2016) (finding plaintiffs' complaint alleging ordinances were enforced in an "arbitrary and capricious" manner concerned rights protected by the Due Process Clause, not the Takings Clause); *Bienville Quarters*, 2010 WL 2653317, at *3 (determining plaintiff's allegation the ordinance "violate[d] equal protection" involved rights protected by the Equal Protection Clause, not the Takings Clause); *TexCom Gulf Disposal, LLC v. Montgomery*

*Cty., Tex.*, No. H-13-2789, 2014 WL 2931943, at *4 (S.D. Tex. Jun. 27, 2014) (concluding plaintiffs' complaint alleging the county "persistently and arbitrarily denied its permit applications without due process" was not based on rights protected by the Takings Clause); *John Corp.*, 214 F.3d at 585 (finding plaintiffs' assertion that ordinances were "unconstitutionally vague" invoked protections of the Due Process Clause, not the Takings Clause). For these reasons, Plaintiff's declaratory relief regarding the constitutionality of the Ordinances are subsumed in Plaintiff's unripe takings claim because it is based on rights protected by the Takings Clause, not the Due Process or the Equal Protection Clauses. Plaintiff's declaratory action is therefore remanded to the state court.

## C. State Claims

Because the Court is remanding Plaintiff's federal takings claim and declaratory action, Plaintiff's state claims of negligence and gross negligence shall also be remanded. "District courts are given broad discretion to remand removed cases with pendent state law claims where retaining jurisdiction would not be appropriate." *Whiting v. Univ. of S. Mississippi*, 451 F.3d 339, 352 (5th Cir. 2006). The justification for supplemental jurisdiction "lies in considerations of judicial economy, convenience and fairness to litigants." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). At this stage in the litigation, remanding the state claims results in little, if any, loss to the parties. *See Guzzino v. Felterman*, 191 F.3d 588, 595 (5th Cir. 1999). Thus, because Plaintiff's takings claim and declaratory action are remanded and considerations of judicial economy, convenience and fairness to the litigants favor remand, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.[4]

---

[4] The City requests that if the case is remanded, the Court make a "specific finding [ ] regarding the reservation of the right of [the City] to have the federal question claims heard by this Court once ripe." Resp. [#11] ¶ 40. The Court refuses to make such a finding because the state court has the authority to hear Plaintiff's federal takings claim. *See San Remo Hotel, L.P.*, 545 U.S. at 346.

### D. Attorney's Fees

Plaintiff requests an award of reasonable attorney's fees as well as any costs of court. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). While the Court is unconvinced by the City's reasoning, the City had an objectively reasonable basis for seeking removal. The City removed because there is a valid federal question on the face of Plaintiff's Amended Petition. What is more, the lack of subject matter jurisdiction is based on prudential ripeness grounds, which the City reasonably argued that this Court should waive. Plaintiff's request for costs and attorney's fees is denied.

### Conclusion

Accordingly,

IT IS ORDERED that Plaintiff Villa Montechino, L.P.'s Motion to Remand [#7] is GRANTED; and

IT IS FINALLY ORDERED that the Clerk shall REMAND the above-styled cause to the 200th Judicial District Court, Travis County, Texas, for further proceedings.

SIGNED this the 18th day of May 2017.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE